IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

MONICA CHO                          :
                                    :
     v.                             : Civil Action No. DKC 2005-2350
                                    :
MONTGOMERY COUNTY, MARYLAND         :
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discrimination case is the motion by Defendant Montgomery County, Maryland, (the "County"), to dismiss (Paper 30). The issues have been briefed fully and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the County's motion to dismiss will be granted, albeit in part without prejudice to amendment.

**I. Background**

Plaintiff Monica Cho, a resident of the County, is legally blind. In September 2003, Plaintiff asked the County to install a sidewalk on a six-block portion of Falls Chapel Way, a road near her home. As required by the Montgomery County Code, (the "Code"), the County held a public hearing regarding the proposal. Following the hearing, the Public Hearing Officer ("PHO") submitted a report to the County Executive. The PHO did not recommend the project's authorization, and the County Executive subsequently denied the proposal. On July 21, 2005, Plaintiff filed a complaint in the Circuit Court for Montgomery County, alleging that the County

discriminated against her on the basis of her disability and violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. § 794(a).  On August 25, 2005, the County removed the case to this court pursuant to 28 U.S.C. § 1441 because it involved a federal question.

In the original complaint, filed on August 25, 2005, Plaintiff alleged that the County's failure to build the requested sidewalk deprived her of a safe travel route to the local public elementary school, voting facilities, and public transportation in violation of the ADA and the RHA.  (Paper 2, at 3).  On September 1, 2005, the County filed a motion to dismiss for failure to state a claim. (Paper 11).  On January 19, 2006, the court granted the County's motion.  (Paper 20).  The court dismissed Plaintiff's RHA claim with prejudice because Plaintiff failed to allege that the County received federal funding, as required by the statute.  (Paper 20, at 6-7).

With regard to Plaintiff's ADA claim, the court noted that Plaintiff's claims were not articulated clearly:

> Because Plaintiff has not precisely pled either the benefit from which she claims she was excluded, or how the absence of a sidewalk caused that exclusion, it is difficult to determine whether she has or can state a claim.  Plaintiff's complaint is clearly focused on the relief she seeks, *i.e.* a sidewalk, but [is] . . . confused as to the public facility she claims she is denied access to by the absence of the sidewalk.  The

>       court will attempt to analyze the complaint as
>       if it asserts three different types of
>       violations: the absence of a sidewalk by
>       itself; the absence of a sidewalk to connect
>       two existing sidewalks; and the absence of a
>       sidewalk as it might deny her access to a
>       public school, a voting facility, or to
>       transportation.

(Paper 20, at 8-9).

First, the court dismissed Plaintiff's claim that the County violated the ADA merely by refusing her sidewalk request: "No authorities hold that a government must construct a sidewalk simply to comply with the ADA." (Paper 20, at 9). The court also held that the County did not violate the ADA in allegedly failing to consider her disability in its decision-making process because no ADA provision renders this action alone to be a violation of the statute. (Paper 20, at 10).

Second, the court dismissed Plaintiff's claim that the ADA required the County to build a sidewalk to connect two existing tracts of sidewalk in order to allow Plaintiff access to the two existing sidewalks as "public programs." The court held that this claim relied on an overbroad interpretation of the ADA. The court stated: "Plaintiff's argument, taken to its extreme, would mean that every local government was required to connect every one of its sidewalks or else they would all be deemed 'inaccessible.'" (Paper 20, at 10-11).

Finally, the court dismissed Plaintiff's claim that the lack of a sidewalk denied her access to other public programs (*i.e.* a

public school, voting facilities, and public transportation) because Plaintiff failed to allege facts sufficient to support her conclusory allegations. The court dismissed this final claim without prejudice because it appeared that Plaintiff could amend to plead specific facts on which she based the claim. In its Opinion, the court instructed Plaintiff to amend her ADA claim so as to include "allegation[s] of fact as to when and how she was excluded from or denied access to these public benefits." (Paper 20, at 11). The court also directed Plaintiff to "articulate her claims separately by reference to each public facility from which she [was] excluded." (Paper 20, at 13).

Plaintiff filed an amended complaint on February 3, 2006. (Paper 22). In her amended complaint, Plaintiff asserts that the County violated the ADA by refusing to construct the requested sidewalk, thereby denying her access to Cold Spring Elementary School, publically owned Hadley's Park, and public transportation. Plaintiff asserts two additional claims: (1) the County violated the Montgomery County "Sidewalk Program" guidelines, which require that the County "maintain and construct appropriate sidewalks that are accessible to individuals with disabilities and do not exclude or deny their access to public benefits;" and (2) the County "discriminated against [Plaintiff] based on her disability by acting arbitrarily and capriciously in denying her request for the [sidewalk construction]." (Paper 22, at 10-11).

4

Plaintiff seeks "construction of a four foot wide concrete sidewalk within the public right-of-way on the north-west side of Falls Chapel Way from Cold Spring Road to Orchard Brook Drive," and other equitable relief the court deems appropriate. (Paper 22, at 9). The County filed a motion to dismiss Plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) on February 21, 2006. (Paper 30).

**II. Standard of Review**

A court reviewing a complaint in light of a Fed.R.Civ.P. 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a),

5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

**III. Analysis**

**A.   Count I - ADA Claim**

Title II of the ADA prohibits discrimination by local governments, such as the County, by providing that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim of discrimination under Title II of the ADA, Plaintiff must establish that: (a) she has a disability; (b) she is otherwise qualified for the benefit in question; and (c) she is excluded from the benefit on the basis of the disability. *Davis v. Univ. of N.C.*, 263 F.3d 95, 99 (4th Cir. 2001).

The County argues that Plaintiff has again failed to state a viable claim for denial of access to Cold Spring Elementary School, Hadley's Park, and public transportation. The County claims that Plaintiff's amended complaint "does not allege that the Plaintiff was in fact excluded from or denied access to public facilities on specified dates or under specified circumstances," and therefore, that Plaintiff failed to amend her complaint with the specificity

6

required to state a claim under Fed.R.Civ.P. 12(b)(6).[1]  (Paper 30, at 2).

In the court's January 19, 2006 Opinion, the court stated:

> What is lacking from Plaintiff's complaint is any allegation of fact as to when and how she was excluded from or denied access to these public benefits.  While it is clear that she thinks a new sidewalk will enhance her access, she does not allege facts showing that she has in fact been excluded from or denied access to them.

(Paper 20, at 11).  Plaintiff's amended complaint still lacks factual support for her conclusory assertions that the County violated the ADA by denying her access to public programs and services.  The amended complaint continues to focus largely on the requested relief, the sidewalk construction, rather than on any specific injury Plaintiff suffered.  In the amended complaint, Plaintiff does not allege when and how she was denied access to Cold Spring Elementary School, Hadley's Park, or public transportation.

Notwithstanding the flaws in the amended complaint, Plaintiff attaches a declaration to the opposition memorandum in which she identifies specific instances when she was denied access to Cold Spring Elementary School:

> On December 15-17, 2003, snow on Falls Chapel Way made walking on the grass impossible and narrowed the available roadway such that

---

[1] The County does not contend that Plaintiff has not sufficiently alleged that she is disabled under the ADA or that she is otherwise qualified to receive the benefits of Cold Spring Elementary School, Hadley's Park, or public transportation.

7

> walking to school was impossible, thereby
> denying me access. . . . On Friday, April 23,
> 2004, due to heavy rain, walking to school was
> physically impossible . . . denying me access
> to the school. . . . On September 7, 2005, the
> Cold Spring Elementary Back to School Night,
> held from 7:00 PM to 8:30 PM was inaccessible
> to me due to the danger of walking there and
> back at night. . . . The monthly Cub Scout
> meetings held at Cold Spring Elementary
> School, like the one on 26 September 2005 from
> 7:00 PM - 8:30 PM are again inaccessible to me
> due to the danger of walking at night.

(Paper 33, attach. 1, at 1-2). However, Plaintiff neither references nor incorporates her declaration in the amended complaint. The declaration is therefore irrelevant to the court's determination of the motion to dismiss, except to the extent that the material may reflect on her ability to amend the complaint to state a claim. *See Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991). Furthermore, Plaintiff's declaration does not identify any specific instance when she was denied access to Hadley's Park or to public transportation. Accordingly, the court will grant the County's motion to dismiss Plaintiff's ADA claim. Because Plaintiff's declaration indicates a potential factual basis for a denial of access claim regarding Cold Spring Elementary School, the court will again grant Plaintiff leave to amend only that portion of the claim.

**B.   Count II - Montgomery County Sidewalk Program Claim**

Plaintiff alleges that the County discriminated against her because the County violated its self-imposed policy to consider the needs of disabled citizens in ruling on sidewalk requests submitted to its "Sidewalk Program."  Plaintiff attaches to her complaint two communications from county officials indicating the County's intention to adhere to ADA standards and to accommodate disabled citizens in construction projects.  (Paper 22, exs. A & B).  The County argues that the procedure for review of a "Sidewalk Program" decision is governed by the Code, and that Plaintiff has no cause of action pursuant to the Code.  (Paper 30, at 11-12).[2]

The Code defines a "road" as including "sidewalk[s]."  As such, sidewalk construction is governed by Article IV, titled "Construction of Roads by County."  Montgomery County Code § 49 - 51-61 (2002).  The Code articulates the mandatory hearing process by which the County considers sidewalk requests.  § 49-53.  The relevant provision states that *after construction is authorized*, "the county executive shall forward his final recommendations for assessments to the council. . . . Such assessments shall be final upon adoption of the resolution; provided, that any person aggrieved by such assessment may appeal."  § 49-55.[3]  Based on this provision, Plaintiff had no right to appeal the County's decision denying her sidewalk request because the project was never

---

[2] Plaintiff cites no provision of the Code in support of her claim.

[3] Pursuant to the Code, an aggrieved property owner may file an appeal in the Circuit Court for Montgomery County.  § 49-55.

authorized, and Plaintiff was never "aggrieved" by any property assessment.  The Code does not provide for appeal from a road/sidewalk construction decision under any other circumstances.

Moreover, Plaintiff does not point to any other source of law providing a cause of action for the County's alleged failure to consider her disability in its decision-making process.  In her opposition memorandum, Plaintiff asserts that allowing the County to define the appeals procedure would permit the County to violate the ADA simply by saying that decisions are not subject to judicial review.  (Paper 33, at 4).  Plaintiff confuses the issue.  To the extent that a government decision allegedly violates the ADA, it is subject to judicial review because the ADA itself creates a cause of action.  However, on January 19, 2006, the court dismissed with prejudice Plaintiff's claim that the County's alleged failure to consider her disability was, in itself, a violation of the ADA: "Plaintiff also asserts that the County violated the ADA by not considering her disability in its decision-making process.  However, Plaintiff fails to point to any provision of the ADA or its implementing regulations that would render this action, alone, to be a violation of the statute."  (Paper 20, at 10).  Accordingly, the court will dismiss Count II of the amended complaint.

**C.  Count III - "Arbitrary and Capricious"**

In Count III, Plaintiff alleges that the County acted "arbitrarily and capriciously" in failing to consider her

10

disability in its decision-making process. (Paper 22, at 11). Although Plaintiff pleads this allegation in a separate Count, it appears to replicate the allegations in Count II. *See* discussion *supra*, at 8-10. Again, Plaintiff points to no source of law providing her with a cause of action for the county's alleged failure to consider her disability in its decision-making process. The Code contains no provision allowing Plaintiff to assert a claim against the County based on these facts. Accordingly, the court will dismiss Count III of the amended complaint.

## IV. Conclusion

The motion of Montgomery County to dismiss will be granted. Plaintiff will be granted an opportunity to file an amended complaint with regard to her ADA claim for denial of access to Cold Spring Elementary School. A separate Order will follow.


                                               /s/
                                DEBORAH K. CHASANOW
                                United States District Judge